**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ANNIE LOIS SIMILTON,

       Plaintiff,                    CIVIL ACTION NO. 14-cv-12648

       v.                           DISTRICT JUDGE AVERN COHN

COMMISSIONER OF            MAGISTRATE JUDGE MONA K. MAJZOUB
SOCIAL SECURITY,

       Defendant.

_____/

**REPORT AND RECOMMENDATION**

Plaintiff Annie Similton seeks judicial review of Defendant Commissioner of Social Security's determination that she is not entitled to social security benefits for her physical and mental impairments under 42 U.S.C. § 405(g). (Docket no. 1.) Before the Court are Plaintiff's Motion for Summary Judgment (docket no. 19) and Defendant's Motion for Summary Judgment (docket no. 20). Plaintiff also filed a response to Defendant's Motion. (Docket no. 21.) The motions have been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 5.) The Court has reviewed the pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), and issues this Report and Recommendation.

**I.     RECOMMENDATION**

It is recommended that Plaintiff's Motion for Summary Judgment (docket no. 19) be DENIED and that Defendant's Motion for Summary Judgment (docket no. 20) be GRANTED.

## II.     PROCEDURAL HISTORY

Plaintiff filed an application for supplemental security income with a protective filing date of March 28, 2011, alleging that she has been disabled since January 1, 1992, due to depression, obesity, arthritis, back problems, sleep apnea, anemia, high blood pressure, asthma, and diabetes. (TR 202-08, 221, 225.) The Social Security Administration denied Plaintiff's claims on July 21, 2011, and Plaintiff requested a *de novo* hearing. (TR 104-19, 131.) On December 3, 2012, Plaintiff appeared with a representative and testified at the hearing before Administrative Law Judge (ALJ) Dawn M. Gruenburg. (TR 32-62.) At the hearing, Plaintiff amended her alleged onset date to March 28, 2011, the date of her application. (TR 37.) In a December 26, 2012 decision, the ALJ found that Plaintiff was not entitled to benefits because she was capable of performing a significant number of jobs in the national economy. (TR 16-27.) The Appeals Council declined to review the ALJ's decision (TR 6-10), and Plaintiff commenced this action for judicial review. The parties then filed cross motions for summary judgment, which are currently before the Court.

## III.     HEARING TESTIMONY AND MEDICAL EVIDENCE

In her brief, Plaintiff sets forth a concise procedural history of this matter as well as a summary of her medical record related to her back impairments and depression. (Docket no. 19 at 5-7). The ALJ set out a detailed, factual recitation with regard to Plaintiff's hearing testimony, Plaintiff's medical record, and the vocational expert's (VE's) testimony. (TR 22-26.) Defendant adopts the ALJ's recitation of the facts and concurs with Plaintiff's recitation of the facts to the extent that it is consistent with that of the ALJ. (Docket no. 20 at 8.) There are no material inconsistencies between Plaintiff's statements and the ALJ's account of the record; therefore, the undersigned will incorporate these factual recitations by reference. Additionally, the

undersigned has conducted an independent review of Plaintiff's medical record and the hearing transcript and will include comments and citations as necessary throughout this Report and Recommendation.

## IV. ADMINISTRATIVE LAW JUDGE'S DETERMINATION

The ALJ found that Plaintiff had not engaged in substantial gainful activity since the application date of March 28 2011, and that Plaintiff suffered from the following severe impairments: arthritis, degenerative disc disease, hypertension, diabetes, acid reflux, sleep apnea, obesity, depression, and anxiety. (TR 18.) Next, the ALJ found that Plaintiff's impairments did not meet or medically equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (TR 19-21.) The ALJ then found that Plaintiff had the following residual functional capacity (RFC):

> [C]laimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a) except she requires a sit-stand option performing tasks in a low stress environment (meaning minimal changes in work place settings). She can occasionally push and/or pull with her upper extremities. The claimant can have no more than occasional contact with the public. She must avoid exposure to hazardous work sites, machinery, poor ventilation, or pulmonary irritants such as dust or fumes.

(TR 21-26.) Subsequently, in reliance on the VE's testimony, the ALJ determined that Plaintiff was capable of performing a significant number of jobs in the national economy. (TR 26-27.) Therefore, the ALJ found that Plaintiff was not disabled under the Social Security Act at any time since March 28, 2011, the date the application was filed. (TR 27.)

## V. LAW AND ANALYSIS

### A. Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions. Judicial review of the Commissioner's decisions is limited to determining

whether his findings are supported by substantial evidence and whether he employed the proper legal standards. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528. It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *See Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts").

**B.     Framework for Social Security Determinations**

Plaintiff's Social Security disability determination was made in accordance with a five-step sequential analysis. In the first four steps, Plaintiff was required to show that:

(1)     Plaintiff was not presently engaged in substantial gainful employment; and

(2)     Plaintiff suffered from a severe impairment; and

  (3)  the impairment met or was medically equal to a "listed impairment;" or

  (4)  Plaintiff did not have the residual functional capacity (RFC) to perform relevant past work.

*See* 20 C.F.R. § 404.1520(a)-(f). If Plaintiff's impairments prevented Plaintiff from doing past work, the Commissioner, at step five, would consider Plaintiff's RFC, age, education, and past work experience to determine if Plaintiff could perform other work. If not, Plaintiff would be deemed disabled. *See id.* at § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391. To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health and Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987). This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [the claimant's] individual physical and mental impairments.'" *Id.* (citations omitted).

  **C.**  **Analysis**

  The Social Security Act authorizes "two types of remand: (1) a post judgment remand in conjunction with a decision affirming, modifying, or reversing a decision of the [Commissioner] (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the [Commissioner] (a sentence-six remand)." *Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994) (citing 42 U.S.C. § 405(g)). Under a sentence-four remand, the Court has the authority to "enter upon the pleadings and transcript of the record, a judgment affirming, denying, or reversing the decision of the [Commissioner], with or without remanding the cause for a hearing. 42 U.S.C. §

405(g).  Where there is insufficient support for the ALJ's findings, "the appropriate remedy is reversal and a sentence-four remand for further consideration."  *Morgan v. Astrue*, 10-207, 2011 WL 2292305, at *8 (E.D. Ky. June 8, 2011) (citing *Faucher*, 17 F.3d at 174).

Plaintiff asserts that this matter should be reversed and remanded under sentence four because the ALJ (1) "created an inaccurate RFC assessment and therefore erroneously [f]ound [w]ork at Step Five" and (2) improperly evaluated Plaintiff's credibility.  (Docket no. 19 at 8-15.)

### 1. *The ALJ's RFC Assessment*

The RFC assessment is the Commissioner's ultimate finding about the claimant's ability to perform work-related activities.  Social Security Ruling (SSR) 96-5p, 1996 WL 374183, at *5. It is defined as the most, not the least, the claimant can do despite his impairments.  20 C.F.R. §§ 404.1545(a), 416.945(a).  The ALJ derives the RFC after considering the medical and other relevant evidence in the record.  *Id*.  He must support the RFC by including a narrative discussion describing how the evidence supports his conclusions and providing citations to specific medical facts and nonmedical evidence.  SSR 96-8p, 1996 WL 374184, at *7.  In determining the RFC, the ALJ must discuss the claimant's ability to perform sustained work activities in an ordinary setting on a regular and continuing basis.  *Id.*  The ALJ may adopt an opinion of a medical or nonmedical source in whole or in part if he finds that it is supported by and not inconsistent with the other substantial evidence of record.  However, at all times the ultimate responsibility for fashioning the RFC rests with the ALJ, who has an obligation to determine the RFC based on the evidence he finds credible.

Here, the ALJ accounted for Plaintiff's physical limitations in the RFC by finding that Plaintiff could perform only sedentary work with a sit-stand option, could only occasionally push

or pull with her upper extremities, and must avoid exposure to hazardous work sites, machinery, poor ventilation, or pulmonary irritants. (TR 21-22.) In accounting for Plaintiff's mental impairments, the ALJ found that Plaintiff was limited to performing tasks in a low-stress environment with only minimal changes in the workplace setting and no more than occasional contact with the public. (TR 21-22.)

Plaintiff argues that her back pain and depression result in functional limitations that are not included in the ALJ's RFC assessment. (Docket no. 19 at 9-10.) She also argues that the ALJ's RFC assessment is inadequate because it does not account for her bilateral hand limitations, chronic pain symptoms, or limited mobility. (*Id*. at 12.) To support these arguments, Plaintiff cites the treatment records from her semimonthly appointments with Dr. Chodozie Ononuju, D.O. between August 2011 and June 2012, and asserts that these records demonstrate that her pain is associated with stiffness, decreased range of motion, problems sitting and walking, and performing any physical activity. (*Id*. at 10-11.) Plaintiff claims that "[i]n light of the medical evidence, [she] would be unable to perform the demands of jobs at the sedentary level – even with the additional limitations posed by the ALJ." (Docket no. 21 at 4.)

With regard to Plaintiff's alleged bilateral hand limitations, Defendant argues that Plaintiff's argument is unavailing because State Disability Determination Services physician, "Dr. Blum[,] assigned no limitation as to [P]laintiff's use of her hands (R. 112), [which is] consistent with [P]laintiff's own statement to the agency that her conditions do not affect her ability to use her hands (R. 246), and consistent with the 2011 finding of examining physician Dr. Sears that her grip strength is thirty pounds bilaterally (R. 331)." (Docket no. 20 at 17 (emphasis omitted).) Defendant also points out that "Plaintiff's brief advances no evidence relating to any alleged hand limitation, and [P]laintiff has not challenged the ALJ's finding that

Dr. Ononuju's opinion -- which includes a finding that [P]laintiff can use her hands only thirty percent of the time -- is 'not supported or consistent with the treatment notes and course of treatments . . . .'" (*Id.*)  Defendant's argument has merit.  In formulating her decision, the ALJ accorded Dr. Blum's opinion considerable weight, Dr. Sears's opinion some weight, and Dr. Ononuju's opinion little weight.  The ALJ found that Dr. Ononuju's opinion was unsupported, inconsistent, and incredible, and, therefore, she was not obligated to include bilateral hand limitations in Plaintiff's RFC.

Notably, Plaintiff does not challenge the ALJ's assessment of any of the medical opinion evidence in in relation to the RFC assessment.  Moreover, other than claiming that she is unable to perform any sedentary work, Plaintiff provides no insight regarding what additional functional limitations she believes the ALJ should have included in her RFC.  Indeed, the treatment records cited by Plaintiff primarily reflect Plaintiff's subjective complaints; they do not include any limitations imposed by her physician.  Furthermore, Plaintiff's claim that she is unable to perform even sedentary work equates to a claim that she is totally disabled, and it is well settled that the ultimate issue of disability is reserved to the Commissioner.  *Kidd v. Comm'r*, 283 F. App'x 336, 341 (6th Cir. 2008).  Plaintiff's claims with regard to the ALJ's RFC assessment fail.

The ALJ's RFC assessment included those limitations that the ALJ found to be credible and supported by substantial evidence in the record.  The ALJ then presented all of the limitations of the RFC in her hypothetical questions to the VE, and the VE testified that there were jobs available for a person with these limitations, which the VE cited in detail.  The ALJ properly relied on the VE's testimony to find that there are significant numbers of jobs available that Plaintiff can perform.  The ALJ's decision at step five is based on substantial evidence.

## 2. *The ALJ's Assessment of Plaintiff's Credibility*

"[A]n ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Walters v. Comm'r*, 127 F.3d 525, 531 (6th Cir. 1997). But credibility assessments are not insulated from judicial review. Despite the deference that is due, such a determination must nevertheless be supported by substantial evidence. *Id.* An ALJ's credibility determination must contain "specific reasons . . . supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96–7p. "It is not sufficient to make a conclusory statement that 'the individual's allegations have been considered' or that 'the allegations are (or are not) credible.'" *Id.* "[T]he adjudicator may find all, only some, or none of an individual's allegations to be credible" and may also find the statements credible to a certain degree. *Id.*

Further, to the extent that the ALJ found that Plaintiff's statements are not substantiated by the objective medical evidence in the record, the Regulations explicitly provide that "we will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work . . . solely because the available objective medical evidence does not substantiate your statements." 20 C.F.R. § 416.929(c)(2). The ALJ must consider: (1) the claimant's daily activities, (2) the location, duration, frequency, and intensity of the claimant's pain, (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication taken to alleviate pain or other symptoms, (5) treatment, other than medication, for pain relief, (6) any measures used to relieve the pain, and (7) functional limitations and restrictions due to the pain. *See* 20 C.F.R. §

416.929(c)(3); *see also Felisky v. Bowen*, 35 F.3d 1027, 1039-40 (6th Cir. 1994) (applying these factors).

Here, the ALJ considered and discussed Plaintiff's hearing testimony as well as Plaintiff's other subjective complaints, and she found that Plaintiff's allegations were only partially credible. (TR 22-24.) In making this determination, the ALJ reasoned that Plaintiff was independent in terms of her own personal care and able to shop, attend church, and go to the doctor. The ALJ also noted Plaintiff's ability to interact with others and to deal appropriately with authority. Additionally, the ALJ pointed out that the treatment that Plaintiff was undergoing for her alleged physical impairments, which primarily consisted of medication, was routine, conservative, and generally successful in treating her symptoms. She further noted that the diagnostic and examination findings related to Plaintiff's physical impairments were relatively unremarkable. With regard to Plaintiff's mental impairments, the ALJ suggested that Plaintiff's symptoms were not as serious as she alleged because Plaintiff had received limited mental health treatment and missed several such doctor's appointments. The ALJ further remarked that Plaintiff's conditions are related to her obesity. Finally, the ALJ noted Plaintiff's sporadic work history and ultimately questioned whether Plaintiff's medical impairments were actually the cause of her ongoing unemployment.

Plaintiff argues that her medical records reflect that she regularly complained of pain in spite of her ongoing medical treatment. (Docket no. 19 at 14.) To support this argument, Plaintiff cites an array of her subjective complaints documented in the treatment records from her semimonthly appointments with Dr. Ononuju between August 2011 and June 2012. (*Id.*) But an examination of the ALJ's decision reveals that she considered the evidence to which Plaintiff cites in reaching her credibility determination, and Plaintiff does not suggest otherwise. Plaintiff

also makes a conclusory assertion that her "treatment records provide objective findings through diagnostic testing" that corroborate her subjective complaints, claimed daily activities, and her hearing testimony. (*Id.* at 15.) Plaintiff, however, does not develop this argument or identify any treatment records that support it, and the Court is not obligated to so on Plaintiff's behalf. *See Bush v. Astrue*, No. 12-11790, 2013 WL 1747807, at *14 (E.D. Mich. Jan. 25, 2013) (Grand, M.J.) (citation omitted). Accordingly, Plaintiff's arguments regarding the ALJ's credibility determination fail.

As discussed above, the ALJ provided specific reasons for discounting Plaintiff's credibility in her decision, many of which apply the factors set forth in 20 C.F.R. § 416.929(c)(3). Thus, the ALJ's decision is sufficiently specific to make clear to Plaintiff and to the Court the weight that she gave to Plaintiff's statements and the reasons for that weight. The ALJ's assessment of Plaintiff's credibility is supported by substantial evidence; Plaintiff's Motion should be denied in this regard.

### VI. CONCLUSION

For the reasons stated herein, the Court should DENY Plaintiff's Motion for Summary Judgment (docket no. 19) and GRANT Defendant's Motion for Summary Judgment (docket no. 20).

### REVIEW OF REPORT AND RECOMMENDATION

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard*

*v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: July 14, 2015         s/ Mona K. Majzoub
                             MONA K. MAJZOUB
                             UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: July 14, 2015         s/ Lisa C. Bartlett
                             Case Manager